IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CROPLEY HOLDINGS LTD.,

Plaintiff,

v.

ELECTROLUX HOME CARE PRODUCTS,
INC.,

Defendant.

Case No. 1:10-cv-03445

Judge Ronald A. Guzman

## ANSWER AND COUNTERCLAIMS

Defendant Electrolux Home Care Products, Inc., by its attorneys, for its answer to the complaint:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.      Admits the allegations of paragraphs 2 - 4.

3.      Denies the allegations of paragraph 5.

4.      For its response to paragraph 6, Defendant re-alleges and incorporates by reference its responses to paragraphs 1 through 5, above, as if set forth in full.

5.      Denies the allegations of paragraphs 7 - 11.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by invalidity under 35 U.S.C. § 101.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by invalidity under 35 U.S.C. § 102.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by invalidity under 35 U.S.C. § 103.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by invalidity under 35 U.S.C. § 112.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by laches.

### SIXTH AFFIRMATIVE DEFENSE

Venue is improper in this district.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that the doctrine of equivalents, when operative to restrict the scope of a patent claim, is properly denominated an affirmative defense, the plaintiff's claims are barred, in whole or in part, by the doctrine of equivalents.

### FIRST COUNTERCLAIM

1.    Electrolux Home Care Products, Inc. ("Electrolux") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Bloomington, Illinois.

2.    On information and belief, counterclaim defendant Cropley Holdings Ltd. ("Cropley") is a corporation organized and existing under the laws of the Commonwealth of The Bahamas, having its principal place of business in Nassau, Bahamas.

3.    On or about June 4, 2010, Cropley commenced this civil action in the United States District Court for the Northern District of Illinois.

4.    In its complaint in this action, Cropley asserts that Electrolux has made unauthorized use of some alleged "invention" that Wayne Ernest Conrad, Helmut Gerhard

2

Conrad, and Ted Szylowiec allegedly made on some unspecified date (the "Alleged Conrad Invention") and patented under U.S. Patent No. 6,736,873 B2 (the "'873 Patent").

5.      Electrolux denies that it has used the Alleged Conrad Invention.

6.      Electrolux denies that it has infringed the '873 Patent.

7.      An actual controversy exists between Cropley and Electrolux concerning whether Electrolux has infringed the '873 Patent.

8.      Electrolux is entitled to judgment declaring that it has not infringed the '873 Patent.

## SECOND COUNTERCLAIM

9.      Counterclaim paragraphs 1 - 8, above, are re-alleged and incorporated by reference as if set forth in full.

10.     On information and belief, one or more claims of the '873 Patent is worded in such a way as to encompass subject matter that was fully described or embodied in prior art to the '873 Patent.

11.     On information and belief, one or more claims of the '873 Patent is invalid for failure to satisfy the novelty condition for patentability specified in 35 U.S.C. §§ 101 and 102.

12.     An actual controversy exists between Cropley and Electrolux concerning whether the '873 Patent includes one or more claims that is invalid for failure to satisfy the novelty condition for patentability specified in 35 U.S.C. §§ 101 and 102.

13.     Electrolux is entitled to judgment declaring that the '873 Patent is wholly or partially invalid under 35 U.S.C. §§ 101 and 102.

## THIRD COUNTERCLAIM

14.     Counterclaim paragraphs 1 - 13, above, are re-alleged and incorporated by reference as if set forth in full.

15.     On information and belief, one or more claims of the '873 Patent is worded in such a way as to encompass subject matter that would have been obvious to a person having ordinary skill in the art of the '873 Patent as of not later than January 8, 1998.

16.     On information and belief, one or more claims of the '873 Patent is invalid for failure to satisfy the non-obvious subject matter condition for patentability specified in 35 U.S.C. § 103.

17.     An actual controversy exists between Cropley and Electrolux concerning whether the '873 Patent includes one or more claims that is invalid for failure to satisfy the non-obvious subject matter condition for patentability specified in 35 U.S.C. §103.

18.     Electrolux is entitled to judgment declaring that the '873 Patent is wholly or partially invalid under 35 U.S.C. § 103.

## FOURTH COUNTERCLAIM

19.     Counterclaim paragraphs 1-18, above, are re-alleged and incorporated by reference as if set forth in full.

20.     On information and belief, one or more claims of the '873 Patent is worded in such a way as to encompass a vacuum cleaner that is neither the same as, nor equivalent to, any vacuum cleaner that is described in the specification of the '873 Patent.

21.     On information and belief, one or more claims of the '873 Patent is invalid for failure to satisfy the written description requirement of 35 U.S.C. § 112 ¶ 1.

22.　　An actual controversy exists between Cropley and Electrolux concerning whether the '873 Patent includes one or more claims that is invalid under 35 U.S.C. § 112 ¶ 1 for failure to satisfy the written description requirement.

23.　　Electrolux is entitled to judgment declaring that the '873 Patent is wholly or partially invalid under 35 U.S.C. § 112 ¶ 1.

### FIFTH COUNTERCLAIM

24.　　Counterclaim paragraphs 1-23, above, are re-alleged and incorporated by reference as if set forth in full.

25.　　On information and belief, the Alleged Conrad Invention comprised an alleged improvement in pre-existing cyclonic separator design, the improvement comprising a fluid supply conduit positioned within a cyclonic separator and configured to have certain physical characteristics.

26.　　The claims of the '873 Patent do not particularly point out and distinctly claim the improvement that constitutes the Alleged Conrad Invention, but rather recite combinations of elements in which any alleged improvement on prior art vacuum cleaners is neither particularly pointed out nor distinctly claimed.

27.　　On information and belief, one or more claims of the '873 Patent is invalid for failure to point out the Alleged Conrad Invention with the particularity and distinctness that are required by 35 U.S.C. § 112 ¶ 2.

28.　　An actual controversy exists between Cropley and Electrolux concerning whether the '873 Patent includes one or more claims that is invalid under 35 U.S.C. § 112 ¶ 2 for failure to satisfy the claim particularity requirement of that statute.

29. Electrolux is entitled to judgment declaring that the '873 Patent is wholly or partially invalid under 35 U.S.C. § 112 ¶ 2.

## SIXTH COUNTERCLAIM

30. Counterclaim paragraphs 1-29, above, are re-alleged and incorporated by reference as if set forth in full.

31. On information and belief, the Alleged Conrad Invention was originally patented under U.S. Patent No. 6,141,826 issued November 7, 2000 (the "'826 Patent").

32. On information and belief, the Alleged Conrad Invention was covered by the '826 Patent.

33. The subject matter disclosed and claimed in the '873 Patent is not distinctly different and independent from the subject matter that was covered by the '826 Patent.

34. The '873 Patent is invalid under 35 U.S.C. § 101 and the principle that "no patent can issue for an invention actually covered by a former patent, especially to the same patentee, although the terms of the claims may differ." *Miller v. Eagle Mfg. Co.*, 151 U.S. 186 (1894).

35. An actual controversy exists between Cropley and Electrolux concerning whether the '873 Patent includes one or more claims that is invalid for double-patenting.

36. Electrolux is entitled to judgment declaring that the '873 Patent is wholly or partially invalid for double-patenting under at least 35 U.S.C. § 101

## SEVENTH COUNTERCLAIM

37. Counterclaim paragraphs 1-36, above, are re-alleged and incorporated by reference as if set forth in full.

38. During its examination of the application that matured as the '873 Patent, the United States Patent and Trademark Office ("PTO") applied an interpretation of 35 U.S.C. § 103

that was subsequently discredited and disapproved in *KSR International Co. v. Teleflex Inc*., 550 U.S. 398 (2007).

39.     To the extent that the PTO provided any reasons for allowing the claims in the '873 Patent, those reasons do not constitute any competent, adequate, or legally sufficient basis on which the PTO could have reasonably concluded that the allowed claims in the '873 Patent were limited to "non-obvious subject matter" within the meaning of 35 U.S.C. § 103.

40.     To the extent that the PTO provided any reasons for allowing the claims in the '873 Patent, those reasons do not constitute any competent, adequate, or legally sufficient basis on which the PTO could have reasonably concluded that the subject matter of the allowed claims in the '873 Patent was "essentially distinct and separable from the invention covered by" the previously issued '826 Patent. *Miller v. Eagle Mfg. Co*., 151 U.S. 186, 198 (1894).

41.     Cropley has sought to enforce the '873 Patent against Electrolux by, among other things, commencing this civil action and seeking monetary and injunctive relief against Electrolux.

42.     The '873 Patent unlawfully impairs and invades Electrolux's federal right to make and use subject matter that is in the public domain under federal patent law.

43.     An actual controversy exists between Cropley and Electrolux concerning whether the PTO acted contrary to law in issuing the '873 Patent.

44.     Under the equity jurisdiction of this Court conferred by 28 U.S.C. § 1331, this Court has authority to review the lawfulness of the PTO's decision to issue of the '873 Patent.

45.     On the administrative record of the '873 Patent, Electrolux is entitled to an injunction restraining Cropley from maintaining the '873 Patent.

WHEREFORE, Electrolux prays that the Court:

(i)       dismiss Cropley's complaint with prejudice;

(ii)      declare, adjudge, and decree that making, importing, using, offering for sale, or selling the EUREKA 431DX, 431F, 437AZ, or structurally equivalent vacuum cleaner models does not infringe the '873 Patent;

(iii)     declare, adjudge, and decree that any asserted claim of the '873 Patent is invalid under at least 35 U.S.C. §§ 101, 102, 103, and 112;

(iv)      issue preliminary and permanent injunctions against Cropley's maintaining patent protection for subject matter that Electrolux has a federal right to use under Article I, § 8, cl. 8 of the Constitution, the Patent Act of 1952, or common law; and

(v)       award such other and further relief as the Court may deem just and proper.


Dated:    August 6, 2010


*/s/ James W. Dabney*
James W. Dabney
Justin Ross (*of counsel*)
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004-1980
(212) 859-8000
(212) 859-4000 fax

Joseph E. Cwik
HUSCH BLACKWELL SANDERS LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606
(312) 526-1622
(312) 655-1501 fax

*Attorneys for Defendant*
  *Electrolux Home Care Products, Inc.*

8

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant Electrolux Home Care Products Inc. hereby certifies that on August 6, 2010, a true and correct copy of the foregoing ANSWER AND COUNTERCLAIMS was filed with the Court and served electronically by the Court's CM/ECF System to all registered users.

/s/ James W. Dabney
Attorney for Defendant
Electrolux Home Care Products Inc.

7791801.1